UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-365-3BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )     ORDER |
| v. | ) |
| | ) |
| ERICKSON DOMINGUEZ-GONZALEZ | ) |

This matter is before the court on defendant's *pro se* motions to strike and vacate his conviction. (DE ## 203, 204.) Pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), defendant requests that the court "'strike' [his] prior conviction charge of possession of a firearm where [he] been [sic] sentenced to 7 years since 2009." (Mot., DE # 203, at 1.)

Several grounds exist to justify denial of these motions. First, to the extent defendant requests that the court vacate or set aside any of his convictions or sentence, he must file a motion pursuant to 28 U.S.C. § 2255 on the approved form. Second, defendant was not convicted of an offense in this court which would implicate the application of Simmons. "In *Simmons*, th[e] Court held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's mandatory Structured Sentencing Act, N.C. Gen. Stat. § 15A1340.17, was not 'punishable' by more than one year in prison and is not a felony offense for purposes of federal law." Miller v. United States, 735 F.3d 141, 144-45 (4th Cir. 2013) (citing Simmons, 649 F.3d at 243). Defendant here pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine and using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting the same. A

prior felony conviction is not a required element of any of these offenses, and therefore, Simmons is inapplicable to any of defendant's convictions. Third, defendant's sentence was not enhanced based on any prior felony conviction. In fact, it does not appear that defendant has any felony convictions prior to the instant offenses, let alone any for which he was sentenced under North Carolina's Structured Sentencing Act. (See PSR ¶¶ 25-28 (all prior convictions in Virginia state court, with sentences of less than one year).)

For the foregoing reasons, defendant's motions are DENIED.

This 30 October 2014.

                                              W. Earl Britt
                                              Senior U.S. District Judge