UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:08-CR-365-BR-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | ORDER |
| ) | |
| ERICKSON DOMINGUEZ-GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the post-judgment motion of Defendant requesting waiver of fines and court costs. [DE-235]. Defendant's sentence included a $200.00 special assessment and a $5,800.00 fine. [DE-147]. Defendant also previously requested a copy of his sentencing transcript. [DE-234].

The imposition of a special assessment is mandatory and, thus, cannot be waived. *See* 18 U.S.C. § 3013; *United States v. Mann*, 7 F. App'x 424, 427 (6th Cir. 2001) (concluding there is no provision in for waiver in the special assessment statute, which uses mandatory language). With respect to Defendant's fine, judgment imposing said fine was entered on July 13, 2009, and Defendant did not file an appeal. Additionally, the payment of fines is governed by the Inmate Financial Responsibility Program, which is administered by the Bureau of Prisons, and Defendant has cited no rule or statute that would give the court authority to alter the amount of repayment. *See United States v. Crews*, 282 F. App'x 279 (4th Cir. 2008) (affirming district court's orders denying motions to waive fine); *United States v. Hammerberg*, No. 5:13-CR-145-FL-1, 2014 WL 2768657, at *1 (E.D.N.C. June 18, 2014) ("The court [] lacks authority to modify the criminal monetary penalties in the judgment if not allowed to do so by statute or rule.") (citing *Dillon v. United States*,

560 U.S. 817, 824 (2010)).

To the extent Defendant seeks copies of court documents, such as a sentencing transcript, at the government's expense, there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, and the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw.")). Defendant has not made the required showing. Furthermore, because Defendant does not currently have a § 2255 proceeding pending, there is no obligation under 28 U.S.C. § 753(f)[1] to provide a transcript at the government's expense. Accordingly, Defendant's motion is denied.

SO ORDERED, this the __9__ day of August 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] The circumstances under which the court may provide an indigent defendant a copy of his transcript at the government's expense are addressed in 28 U.S.C. § 753(f). Specifically, the statute states that a free transcript shall be provided to an indigent defendant permitted to bring an action pursuant to 28 U.S.C. § 2255 *in forma pauperis* and "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." *Id.*; *see also United States v. MacCollum*, 426 U.S. 317, 326 (1976) (establishing that indigent defendants do not have a constitutional right to a free transcript to pursue post-conviction relief).